BYE, Circuit Judge,
concurring.
Because I am bound by the court’s decision in Ford Motor Credit Company v. Mierkowski (In re Mierkowski), 580 F.3d 740, 2009 WL 2853586 (8th Cir.2009) (No. 08-3866), I concur. Were I not, I would conclude negative equity is not “all or part of the price of’ a new vehicle or “value given to enable the debtor to acquire rights in or the use of’ a new vehicle. Accordingly, I would hold Nuvell Credit Company’s advance of credit in connection with the purchase of Lisa Callicott’s motor vehicle was not entirely protected from “cramdown” by the “hanging paragraph” in 11 U.S.C. § 1325(a). For the reasons stated in my dissent in In re Mierkowski, I would hold the negative equity is not a part of Nuvell Credit Company’s purchase money security interest and not protected from cramdown under the hanging paragraph. 11 U.S.C. § 1325(a)(*).